# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 25-MJ-199** |
| **JOSHUA ROSSER,** | |
| **Defendant.** | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States respectfully submits this memorandum in support of its oral motion for detention pending trial under 18 U.S.C. § 3142(f)(1)(A) (Crime of Violence) and 18 U.S.C. § 3142(f)(2)(A) (Serious Flight Risk) as the defendant, Joshua Rosser, is charged with violating 18 U.S.C. § 111(a)(1) and (b) - Assaulting a federal officer with a deadly weapon.

Defendant Rosser should be held without bond pending trial because he is dangerous and a flight risk. The defendant assaulted numerous officers in his attempt to flee a routine traffic stop. In doing so, he dangerously and recklessly drove his car around public streets, hoping to evade arrest. In addition to fleeing from federal officers in the instant case, the defendant has one executed bench warrant. Moreover, the defendant has been previously convicted of assaulting a woman after he punched three of her teeth out and has had at least two Temporary Protective Orders (TPO) issued against him, including one that was issued just two days ago.

Given the defendant's actions in this case, and his past violent criminal history and history of not coming to court, there is no condition or combination of conditions apart from detention that would ensure the safety of the community and the defendant's return to court. Thus, this court should detain him pending trial. The government requests that the following points and authorities, as well as any other facts, arguments, and authorities presented at the detention hearing, be

considered in the court's determination regarding pretrial detention. As described below, all four statutory factors in 18 U.S.C. § 3142(g) strongly favor pretrial detention.

## I.   Factual and Procedural History

On Tuesday, September 2, 2025, members of the Executive Order 14252 Task Force were working the evening tour within the District of Columbia. Members of the Task Force were wearing plainclothes and external vests that stated "POLICE," "FBI," or "U.S. MARSHAL," with law enforcement identifiers prominently displayed. Members were operating unmarked police cruisers equipped with emergency lights and sirens.

At approximately 2:08 pm, while patrolling in the 0-100 Unit Block of Ridge Road, SE, Washington, D.C., officers saw a heavily tinted Infiniti SUV that was bearing a Texas paper tag of 39622R2. Officers immediately recognized the tag to be a counterfeit Texas Buyer's Tag based on their experience and knowledge, which was confirmed via an NCIC query that yielded NO RETURN.

After confirming that the Infiniti SUV had counterfeit tags, Task Force members attempted a traffic stop in the 0-100 Unit Block of Ridge Road. Based on officer's experience with counterfeit tags, stolen vehicles, and fleeing vehicles, members elected to conduct the stop in a manner that guaranteed maximum safety to the public. A US Marshal Service (USMS) vehicle occupied by Deputy US Marshal (DUSM) Kash (Driver), DUSM Watson (Front Passenger), DUSM Bedenbaugh (Rear Passenger), DUSM Sapp (Rear Passenger) – all federal officers – pulled in front of the Infiniti with full emergency equipment activated, making it readily identifiable as a police vehicle.

Simultaneously, a US Park Police (USPP) vehicle occupied by Officer Brennan (Driver)

and Officer Callahan (Front Passenger) activated their emergency equipment. Officer Brennan then began to exit the cruiser.

After Officer Brennan got out of his vehicle, the Infiniti SUV rapidly accelerated forward, ramming the rear of the USMS Dodge vehicle that was occupied by federal USMS Task Force members Kash, Watson, Bedenbaugh, Sapp. After ramming and causing damage to the USMS vehicle, the operator of the Infiniti SUV drove away in his car. *See* Figure 1 below.



**Figure 1: Damage Caused by Defendant Ramming USMS Vehicle. See Also Flashing Lights on Rear of Vehicle That Were Visible to Defendant at Time of Crash.**



**Figure 2: Damage Caused by Defendant Ramming USMS Vehicle**.

Recognizing the blatant, conscious, disregard for the life and safety of both law enforcement and the general public and the inherent risk of grievous bodily injury posed by the reckless operation of a motor vehicle, officers initiated a vehicle pursuit in accordance with General Order 22025 – Vehicular Pursuits, Emergency Modification. Members initiated the aforementioned pursuit to gain control of the motor vehicle, the operator of the motor vehicle, and to ensure the safety of the public by stopping the active threat. During the pursuit, the operator crossed the double yellow center divide, reached speeds in excess of 80 miles per hour, and drove

the wrong way up one-way roads.

Members of the Task Force, including Officers Brennan and Callahan chased the Infinity SUV in their police vehicles for nearly four minutes, while their lights and sirens were on. During the chase, the Infinity SUV began to circle around the area of 5600 Block of Ayers Place. It then exited an alley and drove directly towards a different USMS vehicle occupied by DUSM Reihl (Driver), DUSM Rote (Front Passenger), and DUSM Mortan (Rear Passenger) – all federal officers. With his lights and sirens on, DUSM Reihl attempted to assist with the stop, in his unmarked GMC police vehicle. The operator of the Infiniti SUV then rammed the front of DUSM Reihl's vehicle, with federal officers DUSMs Reihl, Rote, and Mortan still inside. When the driver rammed the vehicle, the force of the car crash caused DUSM Rote's head to hit his head rest, resulting in an injury to his head. After colliding with and causing damage to DUSM Reihl's vehicle, the driver of the Infinity pulled away and continued to flee. *See* Figures 3 and 4, below.



**Figure 3: Damage Caused by Defendant Ramming Second USMS Vehicle**.



**Figure 4: Damage Caused by Defendant Ramming Second USMS Vehicle**.

Task Force members then pursued the Infiniti for approximately an additional four minutes, driving towards the 4100 Block of Stanley St, SE, Washington, D.C. In the 4100 Block of Stanley St, SE, officers observed a single occupant exit the driver's seat. This occupant was a black male wearing a yellow hooded sweatshirt, black pants, and white socks. Officer Brennan pursued him on foot through backyards and back onto Stanley St, SE, where he was apprehended by Metropolitan Police Department (MPD) Officers, assisted by DUSM Shepherd and Officer Brennan.

When asked his name, the operator self-identified as Joshua ROSSER. ROSSER was

placed under arrest. Officers queried the Infiniti's VIN through NCIC, locating an "Attempt to Locate" report. Officers spoke to the complainant in the report, Jada Corlley, who clarified that ROSSER was the owner of the Infiniti SUV.

ROSSER was transported to the USPP Central District Station for processing. During the processing, ROSSER was read his *Miranda* Warning from a card. During the interview, ROSSER stated, "I was going to pull over when y'all first got behind me, but I didn't know what to think, I didn't do nothing." During the interview, Brennan stated to ROSSER "We try to light you up, two police cars with their lights on, you ram the first one, then you take off," to which ROSSER responded "No, I had stopped right there, he was in front of me, I went around." ROSSER later stated "When y'all first pulled the lights I didn't know y'all was the police," acknowledging he did see the emergency lights activated.

On September 3, 2025, a complaint was filed in the federal District Court for the District of Columbia, alleging the defendant violated 18 U.S.C. § 111(a)(1) and (b) - Assaulting a federal officer with a deadly weapon. That same day, at the defendant's initial appearance, the government orally moved for detention pending trial pursuant to the above-referenced provision of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report (PSR). A detention hearing is set for September 5, 2025.

## II. <u>Legal Authority and Argument</u>

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted and the government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996).

Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986). *See also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *See Smith*, 79 F.3d at 1210, *see Williams*, 798 F. Supp. at 36.

1. **The United States' States Bases for Detention**

The United States seeks detention pursuant to 18 U.S.C. § 3142(f)(1)(A) (Crime of Violence) and 18 U.S.C. § 3142(f)(2)(A) (Serious Flight Risk) because the defendant is a danger to the community, given his reckless and dangerous actions, and a serious flight risk, given his history of having a bench warrant executed.

A defendant must be detained pending trial, if the court determines that no condition or combination of conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(f)(1). The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). In contrast, "[a] determination that an individual is a flight risk must be supported by a preponderance of the evidence." *United States v. Vasquez-Benitez*, 919 F.3d 546, 551 (D.C. Cir. 2019).

As the court is aware, 18 U.S.C. § 3142(g) enumerates four factors that the court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his

history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. Each of these factors weighs in favor of pretrial detention in this case. *See* 18 U.S.C. § 3142(g).

A.     <u>**The Nature and Circumstances of the Offenses Weigh in Favor of Detention**</u>

The nature of the defendant's conduct is serious and weighs heavily in favor of pretrial detention in this case. First, the defendant is charged with assaulting a federal officer with a deadly weapon, after he recklessly led officers on a high-speed chase through public streets in the middle of the afternoon. The defendant hit vehicles containing federal officers, not once but twice. Each time the defendant hit the vehicles, he endangered their safety.

Moreover, as recounted above, the defendant tried to evade law enforcement officers in his vehicle after they tried to conduct a traffic stop because he had counterfeit tags. Instead of pulling over and allowing law enforcement officers to speak with him, he decided to lead officers on a dangerous high-speed pursuit, where his vehicle crossed the double yellow center divide; struck street curbs; ran through numerous stop signs, cross walks, and red lights; reached speeds nearing 80 miles per hour, and drove the wrong way up one-way roads. According to BWC, the chase occurred over 10 harrowing minutes – from approximately 2:07 pm to 2:17 pm.

The defendant's actions are particularly egregious and exceedingly dangerous because he was driving so recklessly through at least one school zone, where the posted speed limit was 15 mph, at a time of day when children would be released from school. *See* Figures 5 and 6, below.



**Figure 5: Photo from Ofc. Callahan's BWC During Police Chase.**



**Figure 6: Generic D.C. Speed Limit Sign.**

While it is difficult to tell on Ofc. Callahan's BWC where the defendant was when he was speeding through a school zone during the school day, Google Maps shows that there are approximately four schools within .5 miles from where the defendant first led police on a high-speed chase.



**Figure 7: Four Schools within .5 Miles of Location of High-Speed Chase.**

After the defendant was *Mirandized,* he claimed that he didn't know police were chasing him or that the cars that he rammed into were police vehicles. However, the facts of the case undermine his argument. First, during the entire 10 minutes officers were chasing him, you can hear police sirens in the background. Gov't Ex. 1 - Ofc. Callahan's BWC. Given our common experience of hearing sirens, it is reasonable for the court to conclude that the defendant could hear sirens as they followed him. Instead of pulling over, he continued to recklessly drive down D.C. streets, endangering the public.

Second, although law enforcement's vehicles were unmarked, flashing lights indicate that they are not civilian vehicles.

 

**Figure 8: View of First Vehicle Defendant Rammed Into.**

The flashing lights, as shown on Figure 8, are clearly visible and would have been visible to the defendant moments before he directly hit the first vehicle he hit. The same holds true for the second vehicle the defendant rammed into. *See* Figure 9, below.



**Figure 9: View of Second Vehicle Defendant Rammed Into.**

These facts – recklessly leading law enforcement through city streets and dangerously ramming into law enforcement in order to flee – weighs heavily in favor of detention.

**B.    <u>The Weight of the Evidence Against the Defendant Favors Pretrial Detention</u>**

The weight of the evidence against the defendant also weighs heavily in favor of pretrial detention. First, over eight federal law enforcement officers were involved in the defendant's pursuit and therefore witnessed the defendant's actions. Second, agents' body-worn camera (BWC) capture portions of the defendant's flight.

**C.    <u>The Defendant's History and Characteristics Weigh in Favor of Detention</u>**

The third factor—the history and characteristics of the defendant—favors detention because the defendant is dangerous and a flight risk.

Although the defendant's PSR states that he has no criminal convictions, that is not the case. Rather, the defendant pled guilty to Simple Assault on February 15, 2019, in D.C. Superior Court case number 2019 DVM 000089, and then entered into a deferred sentencing Agreement. *See* Gov't Ex. 2 – Docket 2019 DVM 000089. According to the Arrest Warrant filed in that case, the defendant got into an argument with the mother of his child over childcare, and punched her in her face, knocking out three of her teeth and causing a fourth tooth to loosen. The victim required medical attention because she was bleeding so profusely after losing numerous teeth. *See* Gov't Ex. 3 – Arrest Warrant. The defendant pled guilty, pursuant to a Deferred Sentencing Agreement, which allowed the defendant's case to be dismissed after 9 months if he abided by a number of conditions. *See* Gov't Ex. 4 – Deferred Sentencing Agreement. Ultimately, that case was dismissed, pursuant to a Deferred Sentencing Agreement, on November 4, 2019. *See* Gov't 2.

In addition to 2019 DVM 000089, the defendant has not one, but two TPO/CPOs issued

13

against him by the D.C. Superior Court for alleged violence against romantic partners. The first was issued on June 5, 2023, in 2023 CPO 002071. *See* Gov't 5 – TPO Order - 2023 CPO 002071. The second was issued on September 2, 2025 – *just two days ago* – after the petitioner told the court that she feared for her life and the lives of her children after a domestic violence incident that occurred on August 22, 2025. *See* Gov't 6 – TPO Petition/Order - 2025 CPO 002996 at 2, 6. The petitioner also alleged that the defendant struck a minor child in an abusive matter and that she is so scared of the defendant that she has a protective order against the defendant in Maryland as well. *Id.* At 6.

In addition to the defendant's criminal history, he is a flight risk. Besides the defendant's reckless and dangerous flight in the instant case – all because he wanted to avoid being pulled over for having fake tags – he also has an executed bench warrant in 2023 CPO 2071.

The defendant's history in addition to his dangerous flight in the instant case, is evidence that he will not show up for court if released and will run if confronted by law enforcement. As such, the court should detain the defendant as the evidence shows by a preponderance of the evidence, that he is a very serious flight risk.

**D.    The Danger to the Community Created by Defendant's Release Weighs in Favor of Detention**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, similarly weighs heavily in favor of detention. The defendant's record of flight and putting people in danger shows that he is a danger to the community. As recounted above: (1) the defendant hit law enforcement vehicles not once, but twice; (2) then led law enforcement on a high-speed chase, reaching speeds near 80 miles an hour; and (3) drove recklessly and dangerously through a school zone during school hours.

In addition, the defendant is so dangerous that the Superior Court of the District of Columbia issued a TPO against him two days ago, ordering the defendant to stay away from the petitioner. As mentioned previously, the very recently issued TPO was issued because the petitioner alleged that the defendant was physically violent towards her, her children and that she feared for her safety. *See* Gov't 6.

Given the defendant's history and specific, articulable, and stated dangerousness towards an identifiable person, this factor, along with the other three factors, weighs in favor of the defendant's detention without bond pending trial to ensure the safety of the community and his return to court.

### III.   Conclusion

The government respectfully requests that the court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY


By:   /s/ *Jared English*
      JARED ENGLISH
      Assistant United States Attorney
      D.C. Bar No. 1023926
      United States Attorney's Office
      601 D Street, N.W.
      Washington, D.C. 20530
      Telephone: 202-465-0089
      Email: Jared.English@usdoj.gov

15

# Government Exhibit 1
## (Provided Separately)

# Government Exhibit 2



Thursday September 4th 2025
**Welcome to MyJUSTIS, English Jared**

| INQUIRY HOME | NOTIFICATION | MY JUSTIS | PARTIES/SENTENCING | DISPOSITION | DOCKET/DOCUMENTS | PRINT | LOGOUT |

---

**2019 DVM 000089**    United States Vs. ROSSER, JOSHUA

**SEARCH CRITERIA**

Docket Entry: [_____] [LOOKUP]       Begin Date: [_____] (mm/dd/yyyy)

End Date: [_____] (mm/dd/yyyy)

[SEARCH] [CLEAR]

**SEARCH RESULTS**

Back to original view

| Docket Date | Docket Code | Description | Amount Owed | Amount Paid | Docket Images |
|---|---|---|---|---|---|
| 11/04/2019 | DIVCCRM - Diversion Successfully Completed | Diversion Successfully Completed | $0.00 | $0.00 | |
| 11/04/2019 | CRMER - Event Resulted - Release Status: | Event Resulted - Release Status: N/A The following event: Sentencing scheduled for 11/04/2019 at 10:30 am has been resulted as follows: Result: Dismissed - Nolle. ALL PARTIES PRESENT. DEFERRED SENTENCING AGREEMENT COMPLETED; GUILTY PLEA WITHDRAWN BY DEFENDANT; CASE DISMISSED. Judge: JOSEY-HERRING, ANITA Location: Courtroom 117 JOSHUA ROSSER (Defendant (Criminal)); ; CLAUDINE HARRISON (Attorney) on behalf of JOSHUA ROSSER (Defendant (Criminal)); Judge ANITA JOSEY-HERRING | $0.00 | $0.00 | |
| 11/04/2019 | CRMNLD - Case Disposed - Nolle Diversion | Case Disposed - Nolle Diversion | $0.00 | $0.00 | |
| 11/04/2019 | NLDCRM - Charge Disposed - Nolle Diversion | Charge Disposed - Nolle Diversion | $0.00 | $0.00 | |
| 07/01/2019 | CRMER - Event Resulted - Release Status: | Event Resulted - Release Status: pr. psa The following event: Deferred Sentencing Review scheduled for 07/01/2019 at 10:30 am has been resulted as follows: Result: Hearing Held. Per defense counsel defendant incompliance. Sentencing date remain (11/4/19). Defendant signed notice to return. Judge: JOSEY-HERRING, ANITA Location: Courtroom 117 JOSHUA ROSSER (Defendant (Criminal)); ; CLAUDINE HARRISON (Attorney) on behalf of JOSHUA ROSSER (Defendant (Criminal)); Judge ANITA JOSEY-HERRING | $0.00 | $0.00 | |

| Date | Event | Description | | |
|---|---|---|---|---|
| 07/01/2019 | CRMNTR - Notice to Return to Court Filed | Notice to Return to Court Filed Notice to Return to Court Sent on: 07/01/2019 10:14:58.09 | $0.00 | $0.00 |  |
| 02/19/2019 | ESCRM - Event Scheduled | Event Scheduled Event: Deferred Sentencing Review Date: 07/01/2019 Time: 10:30 am Judge: JOSEY-HERRING, ANITA Location: Courtroom 117 | $0.00 | $0.00 | |
| 02/19/2019 | CRMER - Event Resulted - Release Status: | Event Resulted - Release Status: The following event: Deferred Sentencing Review scheduled for 07/04/2019 at 10:30 am has been resulted as follows: Result: Hearing Vacated Judge: JOSEY-HERRING, ANITA Location: Courtroom 117 | $0.00 | $0.00 | |
| 02/15/2019 | CRMER - Event Resulted - Release Status: | Event Resulted - Release Status: PR PSA The following event: Status Hearing scheduled for 02/15/2019 at 9:30 am has been resulted as follows: Result: Change of Plea to Guilty. ALL PARTIES PRESENT DEFENDANT ENTERS DSA. REVIEW AND NOLLE DATE SET. DEFENDANT SIGNED NOTICE TO RETURN TO COURT. Judge: JOSEY-HERRING, ANITA Location: Courtroom 117 JOSHUA ROSSER (Defendant (Criminal)); ; CLAUDINE HARRISON (Attorney) on behalf of JOSHUA ROSSER (Defendant (Criminal)); Judge ANITA JOSEY-HERRING | $0.00 | $0.00 | |
| 02/15/2019 | RELCONCRM - Release Conditions | Release Conditions (DSA) | $0.00 | $0.00 |  |
| 02/15/2019 | WAIVCRM - Waiver of Trial (Plea Form) Filed | Waiver of Trial (Plea Form) Filed | $0.00 | $0.00 |  |
| 02/15/2019 | DIVENTCRM - Defendant Enrolled in Diversion | Defendant Enrolled in Diversion | $0.00 | $0.00 | |
| 02/15/2019 | DSACRM - Deferred Sentencing Agreement Filed | Deferred Sentencing Agreement Filed | $0.00 | $0.00 |  |
| 02/15/2019 | ESCRM - Event Scheduled | Event Scheduled Event: Sentencing Date: 11/04/2019 Time: 10:30 am Judge: JOSEY-HERRING, ANITA Location: Courtroom 117 | $0.00 | $0.00 | |
| 02/15/2019 | ESCRM - Event Scheduled | Event Scheduled Event: Deferred Sentencing Review Date: 07/04/2019 Time: 10:30 am Judge: JOSEY-HERRING, ANITA Location: Courtroom 117 | $0.00 | $0.00 | |
| 02/15/2019 | CRMER - Event Resulted - Release Status: | Event Resulted - Release Status: The following event: Non-Jury Trial scheduled for 04/24/2019 at 9:30 am has been resulted as follows: Result: Hearing Vacated Judge: JOSEY-HERRING, ANITA Location: Courtroom 117 | $0.00 | $0.00 | |
| 02/15/2019 | ESCRM - Event Scheduled | Event Scheduled Event: Non-Jury Trial Date: 04/24/2019 Time: 9:30 am Judge: JOSEY-HERRING, ANITA Location: Courtroom 117 | $0.00 | $0.00 | |
| 02/15/2019 | CRMNTR - Notice to Return to Court Filed | Notice to Return to Court Filed Notice to Return to Court Sent on: 02/15/2019 10:53:06.56 | $0.00 | $0.00 | |
| 02/15/2019 | RELCONCRM - Release Conditions | Release Conditions | $0.00 | $0.00 | |
| 02/15/2019 | DSACRM - Deferred Sentencing Agreement Filed | Deferred Sentencing Agreement Filed | $0.00 | $0.00 | |
| 02/15/2019 | WAIVCRM - Waiver of Trial (Plea Form) Filed | Waiver of Trial (Plea Form) Filed | $0.00 | $0.00 | |
| 02/12/2019 | NTNCOMCRM - Notice of Non Compliance | Notice of Non Compliance | $0.00 | $0.00 |  |

| 01/25/2019 | AEACRM - Attorney Appointed/Dismissed | Attorney Appointed Attorney HARRISON, CLAUDINE representing Defendant (Criminal) ROSSER, JOSHUA as of 01/25/2019 | $0.00 | $0.00 |  |
| 01/25/2019 | CJAELICRM - CJA Eligibility | CJA Eligibility | $0.00 | $0.00 | |
| 01/25/2019 | CRMFIRE - Condition of Release - Firearms Addendum Filed | Condition of Release - Firearms Addendum Filed | $0.00 | $0.00 | |
| 01/25/2019 | STAYCRM - Pretrial Stay Away Order Filed | Pretrial Stay Away Order Filed | $0.00 | $0.00 | |
| 01/25/2019 | RELCONCRM - Release Conditions | Release Conditions | $0.00 | $0.00 | |
| 01/25/2019 | CRMER - Event Resulted - Release Status: | Event Resulted - Release Status: PR-PSA DEFENDANT IS ARRAIGNED ON THE INFORMATION AND RELEASED WITH CONDITIONS. STATUS SET. DEFENDANT SIGNED THE PRETRIAL RELEASE CONDITIONS ORDER TO RETURN TO COURT. The following event: Arraignment scheduled for 01/25/2019 at 2:00 pm has been resulted as follows: Result: Defendant Pled Not Glty Trial Rights Were Asserted Judge: ARTHUR, ERROL Location: Courtroom 119 | $0.00 | $0.00 | |
| 01/25/2019 | ESCRM - Event Scheduled | Event Scheduled Event: Status Hearing Date: 02/15/2019 Time: 9:30 am Judge: JOSEY-HERRING, ANITA Location: Courtroom 117 | | | |
| 01/25/2019 | GERCRM - Gerstein Affidavit Filed | Gerstein Affidavit Filed | $0.00 | $0.00 | |
| 01/25/2019 | ESCRM - Event Scheduled | Event Scheduled Event: Arraignment Date: 01/25/2019 Time: 2:00 pm Judge: HERRMANN, HEIDE L Location: Courtroom 119 | $0.00 | $0.00 | |
| 01/25/2019 | PRELORDCRM - Proposed Release Order | Proposed Release Order | $0.00 | $0.00 | |
| 01/25/2019 | CSFCRM - Charge Filed | Charge Filed Charge 1: Simple Assault | $0.00 | $0.00 | |

JUSTICE INFORMATION SYSTEM FOR THE DISTRICT OF COLUMBIA

CLICK HERE TO PROVIDE FEEDBACK

Content Provided by:

Email JUSTIS Help Desk or Call JUSTIS Help Desk (202) 442 - 4967.

All information provided is for authorized JUSTIS users only. This information is provided in response to the JUSTIS user's request and is to be used exclusively by the requestor in the performance of their criminal justice responsibilities only. Secondary dissemination is strictly prohibited. Although the information may continue to be valid over a period of time it should be considered complete and accurate only on the date of response.
© 2021 Washington D.C Justice Network. All rights reserved.

# Government Exhibit 3

18

## Superior Court of the District of Columbia
### CRIMINAL DIVISION

**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**

USW NO.: ~~26/5~~ CMW (0982

| DEFENDANT'S NAME: | NICKNAME: | ALIASES: | CCN: 18-213-657 | PDID: 713-549 |
|---|---|---|---|---|
| Rosser, Joshua Davon | | | | |

| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | HAIR: | COMPL: | SCARS, MARKS TATTOOS: |
|---|---|---|---|---|---|---|---|---|
| Male | Black | | 5' 9" | 160 | Brown | Black | Dark | Unknown |

| DEFENDANT'S HOME ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| | |

| DEFENDANT'S BUSINESS ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| Unknown | Unknown |

| COMPLAINANT'S NAME | TELEPHONE NUMBER: Home |
|---|---|
| | |

| LOCATION OF OFFENSE: | DATE OF OFFENSE: 12/17/2018 | TIME OF OFFENSE: 09:22 Hours |
|---|---|---|

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| | | |
|---|---|---|
| 00 = Armed and Dangerous | 25 = Escape Risk | 65 = Epilepsy | 01 = Other (Explain) |
| 05 = Violent Tendencies | 30 = Sexually Violent Predator | 70 = Suicidal | 20 = Known to abuse drugs |
| 10 = Martial Arts Expert | 50 = Heart Condition | 80 = Medication Required | 60 = Allergies |
| 15 = Explosive Expertise | 55 = Alcoholic | 85 = Hemophiliac | 90 = Diabetic |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

**POLICE REPORT:** On Monday, December 17, 2018 at approximately 09:30 hours the Complainants reported to the Metropolitan Police Department, that the Defendant, who the Complainant's current boyfriend and father of their child, had assaulted her requiring medical attention.

**INVESTIGATION:** The investigation revealed that On Monday, December 17, 2018 at approximately 09:22 hours the police were called to the rental office for 852 Barnaby Street Southeast, Washington DC, for an Simple Assault Domestic Violence report. When police arrived at the scene they located the Complainants inside the rental office. The Complainant was bleeding profusely form her mouth, the Complainant was shaken up. The Complainant reports that while inside her apartment, the Complainant and the Defendant were involved in a verbal argument with the Defendant over childcare for the day. The Defendant became irate and struck the Complainant once in the face with a closed fist. The Complainant struck the Defendant back in self-defense back by punching him.  Then Defendant struck the Complainant a second time to the face, the Defendant struck the Complainant so hard that the Complainant fell to the ground and struck her head against the floor. Three of Complainant's teeth fell out of her mouth and one additional tooth was loose. The Defendant saw the Complainant bleeding profusely and then he fled the scene prior to police arrival. Engine 33 responded to the scene, the Complainant was transported to GW hospital, for medical attention. Pictures were taken with Axon Camera of the crime scene and the Complainant's injuries. At the scene the Complainant identified the defendant as:  Rosser, Joshua Black/Female, with DOB: September 17, 1997.  After further investigation Detective Campos was able to verify the Defendant's true name in a MPD database as: Rosser, Joshua Black/Female, with DOB:                    and DC PDID #: 713-549.

On Monday, December 17, 2018 at approximately 12:38 hours Detective Campos was able to interview the Complainant in person in reference to the aforementioned offense. The Complainant confirmed the event reported to be an accurate story. Detective Campos prepared a confirmation photo generated from an MPD Database of the Defendant and presented it to the Complainant. The Complainant positively identified the Defendant as the person who assaulted and threated her.

**RECOMMENDATION:** Based on the aforementioned facts your affiant respectfully requests that an arrest warrant be issued for the Defendant.

**PLEASE ISSUE A WARRANT FOR:**

AFFIANT'S SIGNATURE:
X _____     02 - 1668
Jose N Nieves-Campos, MPDC, CID, (7D), Badge # D2-1668

**Joshua D. Rosser**

**CHARGED WITH:** Simple Assault (DV)

_____
12/21/18
**ASSISTANT UNITED STATES ATTORNEY**

**SUBSCRIBED AND SWORN TO BEFORE ME THIS**

27 DAY OF Dec 2018

_____
(JUDGE) (DEPUTY CLERK) SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA

# Government Exhibit 4

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## DOMESTIC VIOLENCE DIVISION

UNITED STATES OF AMERICA

Criminal No: **2019    DVM    89**

v.

**Joshua    Rosser**

## DEFERRED SENTENCING AGREEMENT

The United States of America, by its attorney, the United States Attorney for the District of Columbia (hereafter referred to as the "United States" or the "government") and **Joshua Rosser** (hereafter referred to as the "defendant") agree to a disposition of this matter in accordance with the following terms and conditions:

1. The defendant agrees to enter a guilty plea to the following counts: **simple assault** The government agrees to dismiss all of the additional and greater charges at the time of sentencing.

2. The government will not seek to have the defendant detained pending sentencing. The government reserves the right to allocute at the defendant's sentencing.

3. The government waives its right to file any enhancement papers that might apply.

4. The government and the defendant agree to continue sentencing for **9 months**

5. The defendant agrees to abide by the following conditions while waiting to be sentenced:

   a. The defendant must not violate any law. The defendant must not be rearrested on probable cause.

   b. The defendant must not violate any Court Order, including any Civil Protection Order.

   c. If the defendant is arrested, the defendant must report that fact to the Court.

   d. The defendant must not engage in any assaultive, threatening, harassing, or stalking behavior against ███████████████

   e. The defendant shall abide by all conditions imposed by the Court Services and

1

Offender Supervision Agency (hereafter "CSOSA" or "probation").

f.  In addition, the defendant must abide by the special conditions set forth below:

_____  Stay Away / No Contact

The defendant must stay away from and have no contact with the following person(s): _____  The defendant must remain at least 100 yards away from the above person(s), their home, their children, their family members, place of employment, place of worship, and any other place frequented by them.  The defendant may not communicate or attempt to communicate with any of the above-named person(s) either directly or through a third person, by telephone, written message, electronic message, pager, or otherwise.

_____  Restitution

The defendant agrees to pay restitution to _____ in the amount of $ _____.  The defendant agrees to provide proof of payments on the scheduled review date(s).  The defendant agrees to provide proof of complete restitution on the scheduled sentencing date.

✓  Counseling Programs

The defendant agrees to enroll in and successfully complete the following counseling program(s):

    ✓  Domestic Violence Intervention Program
    ____  Family Violence Intervention Program
    ____  Anger Management
    ____  Parenting Classes
    ✓  Alcohol / Drug Testing & Treatment (as indicated by CSOSA)
    ✓  Mental Health Assessment and Treatment (as indicated by CSOSA)

The defendant agrees to provide written proof of attendance on the scheduled review date(s).  The defendant agrees to provide written proof of completion of the indicated programs on the scheduled sentencing date.  It is the responsibility of the defendant to obtain written proof of attendance from CSOSA (probation) and/or the counseling program.

_____  Employment / School

The defendant shall maintain employment and/or maintain enrollment in school while awaiting sentencing.  The defendant shall provide proof of continued employment or enrollment on the scheduled review date(s) and on the scheduled sentencing date.

_____     Community Service

The defendant shall complete _____ hours of community service. The defendant must provide written proof of community service on the scheduled review date(s). The defendant must provide written proof of completion of community service on the scheduled sentencing date.

_____     Child Support

The defendant shall make child support payments to _____ in the amount of $ _____ per week/two weeks/month (circle one).

_____     Other Conditions:

_____

If the defendant abides by the conditions set forth in this agreement, the United States will not oppose defendant's motion to withdraw the plea and will enter a *nolle prosequi* in the above-captioned case at the time of sentencing.

## TERMINATION OF AGREEMENT TO NOLLE PROSEQUI THE CASE FOR VIOLATIONS OF CONDITIONS

If the United States determines that the defendant has violated any condition of this agreement, the government will:

- oppose the defendant's withdrawal of the guilty plea;

- not enter a nolle prosequi in this case; and

- move the Court to proceed to sentencing immediately.

The determination of whether the defendant has violated any of the above conditions rests exclusively with the United States.

## LIMITED CONFIDENTIALITY

Neither this agreement nor the defendant's statements relating to this agreement will be used against the defendant by the United States in the above-captioned case, except for impeachment purposes.

I have read this agreement or have had it read to me. I understand this agreement and will abide by its conditions.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ASSISTANT UNITED STATES ATTORNEY

_____
DATE

2/15/19
_____
DATE

2/15/19
_____
DATE

4

# Government Exhibit 5

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## DOMESTIC VIOLENCE DIVISION
### 500 INDIANA AVENUE, NW, WASHINGTON, D.C. 20001, (202) 879-0157

██████████   ☐ Petitioner  ☐ Minor    Case No: **2023 CPO 2071**

vs.

**JOSHUA ROSSER**   Respondent  ☐ Minor

## TEMPORARY PROTECTION ORDER

Upon consideration of the petition filed in this case, the Court finds that the safety or welfare of Petitioner and/or an animal the Petitioner owns, possesses, or controls is endangered by Respondent within the meaning of D.C. Code §16-1004(d) (2021). Therefore, **IT IS HEREBY ORDERED** that Respondent shall observe the following conditions:

☒ Respondent shall not commit or threaten to commit crimes against Petitioner, their child(ren), or their animal(s).

☒ Respondent shall stay at least 100 yards away from Petitioner's ☒ person ☒ home ☒ workplace ☐ vehicle ☐ children's school/day care ☐ animal ☐ other _____

☒ Respondent shall not contact Petitioner in any manner, including but not limited to: ☒ by telephone ☒ in writing ☒ electronic or ☒ any other manner, either directly or through a third party, social media

☐ Temporary custody of the following minor children is awarded to: ☐ Petitioner ☐ Respondent until further order of this Court or the expiration of this order

*(Names and Dates of Birth)*

☐ Respondent shall vacate the residence at: _____
on or before _____ *(date)* and turn over all keys to the residence to Petitioner.

☒ The Police Authorities shall stand by to: ☐ prevent violence while the Respondent / Petitioner vacates the residence; ☐ retrieve Petitioner's keys from ☒ assist with service of process upon the Respondent and complete the Return of Respondent; Service forms.

☐ Respondent shall refrain from possessing, controlling, harming, threatening to harm, or otherwise dispose of Petitioner's animal.

☐ Other: _____

**Respondent shall relinquish possession of any firearms or ammunition and is prohibited from possessing or controlling of, purchasing or receiving any firearm or ammunition while this order is in effect.**

FAILURE TO COMPLY WITH THIS ORDER IS A CRIMINAL OFFENSE AND, FOR ADULTS, CARRIES A PENALTY OF UP TO 180 DAYS IN JAIL AND/OR A FINE OF $1,000.00, AND FOR MINORS, CARRIES A PENALTY OF COMMITMENT TO THE DEPARTMENT OF YOUTH REHABILITATION SERVICES UP TO TWENTY-ONE YEARS OF AGE. IF A RESPONDENT SERVED WITH THIS ORDER FAILS TO APPEAR AT THE HEARING ON THE CIVIL PROTECTION ORDER AND A DEFAULT CIVIL PROTECTION ORDER IS ENTERED, THIS ORDER SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL THE CIVIL PROTECTION ORDER IS SERVED. IF THE COURT IS CLOSED ON THE DAY THAT THIS ORDER IS TO EXPIRE, THIS ORDER SHALL CONTINUE IN EFFECT UNTIL THE NEXT REGULAR COURT BUSINESS DAY. THIS ORDER EXPIRES ON.

| June 16, 2023 | | June 5, 2023 |
|---|---|---|
| **EXPIRATION DATE** | Magistrate Judge | Date |

THIS ORDER HAS BEEN **EXTENDED** UNTIL:

| 07/14/2023 | | 06/16/2023 |
|---|---|---|
| **EXPIRATION DATE** | Judge/Magistrate Judge | Date |

This TPO expires on the date listed above unless your court hearing is continued due to the public health emergency. If your hearing is continued, the TPO will be extended to the next court date listed on the Court's most recent Operating Order, available on the D.C. Superior Court website: https://www.dccourts.gov/sites/default/files/DVD-Scheduling-Order_%20Calendars.PDF

DVTPO.doc          Rev: April 26, 2021

# Government Exhibit 6



**Superior Court of the District of Columbia**
**Domestic Violence Division**
500 Indiana Avenue NW, Room 4510, Washington, DC 20001
202-879-0157 | www.dccourts.gov

| | Petitioner | ☐ Minor | Case No: | **2025 CPO 002996** |

vs.

**JOSHUA ROSSER**    Respondent    ☐ Minor

## TEMPORARY PROTECTION ORDER

Upon consideration of the petition filed in this case, the Court finds that the safety or welfare of Petitioner and/or an animal the Petitioner owns, possesses, or controls is endangered by Respondent within the meaning of D.C. Code §16-1004(d) (2021). Therefore, **IT IS HEREBY ORDERED** that Respondent shall observe the following conditions:

X  Respondent shall not commit or threaten to commit crimes against Petitioner AND PETITIONER'S CHILDREN.

X  Respondent shall stay at least 100 yards away from Petitioner's X  person    X  home  X  workplace  X  vehicle
   X  children's school/day care    ☐ animal _____ X other ▮▮▮▮▮

X  Respondent shall not contact Petitioner in any manner, including but not limited to:    X  by telephone
   X  in writing    X  electronic or social media    X  any other manner, either directly or through a third party,

☐  Temporary custody of the following minor children is awarded to:    ☐ Petitioner    ☐ Respondent
   until further order of this Court or the expiration of this order

_____
*(Names and Dates of Birth)*

☐  Respondent shall vacate the residence at: _____

   on or before _____ *(date)* and turn over all keys to the residence to Petitioner.

X  The Police Authorities shall stand by to: ☐ prevent violence while the Respondent / Petitioner vacates the residence;
   ☐ retrieve Petitioner's keys from Respondent;  X Assist with service of process upon the Respondent and complete the Return of Service forms.

☐  Respondent shall refrain from possessing, controlling, harming, threatening to harm, or otherwise dispose of Petitioner's animal.

X  Other:    RESPONDENT SHALL STAY AWAY FROM RANDEL RECREATION CENTER

Respondent shall relinquish possession of any firearms or ammunition and is prohibited from possessing or controlling, purchasing, or receiving any firearm or ammunition while this order is in effect.

### IT SHALL NOT BE CONSIDERED A VIOLATION OF THIS COURT ORDER FOR THE PARTIES TO PARTICIPATE IN MEDIATION OR ATTEND COURT PROCEEDINGS.

Failure to comply with this order is a criminal offense and, for adults, carries a penalty of up to 180 days in jail and/or a fine of $1,000.00. For minors, it carries a penalty of commitment to the Department of Youth Rehabilitation Services up to twenty-one years of age.

If a respondent served with this order fails to appear at the hearing on the Civil Protection Order and a default Civil Protection Order is entered, this order shall remain in full force and effect until the Civil Protection Order is served. If the Court is closed on the day that this order is to expire, this order shall continue in effect until the next regular Court business day.

*Robt J. Hilton* (signature)

SEPT 16, 2025
**EXPIRATION DATE**

Judge/Magistrate Judge

SEPT 2, 2025
Date

THIS ORDER HAS BEEN EXTENDED UNTIL:

_____
**EXPIRATION DATE**

Judge/Magistrate Judge

Date

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
DOMESTIC VIOLENCE DIVISION (202) 879-0157

_____ , **Petitioner**

Your Name (If on behalf of minor child, write "[Your Name] OBO [Child's Name]")

☐ Substitute
Address

Your Address (If confidential, request a Confidential Address Form)

Washington DC ,  ▓▓▓▓▓

**CPO No**: 2025 CPO 002996

**vs.**

Joshua Rosser
Name of Individual Against Whom You Are Filing

▓▓▓▓▓▓▓▓▓▓

Individual's Address
Washington Dc, ▓▓▓

, **Respondent**

Superior Court of the
District of Columbia
Domestic Violence Division
Filed: 09/01/2025 3:22 PM

## PETITION AND AFFIDAVIT FOR CIVIL PROTECTION ORDER

Pursuant to D.C. Code Section 16-1001 et seq.; Petitioner respectfully requests that the court issue a Civil Protection Order against Respondent. In support of this request, Petitioner states:

1. Petitioner is related to Respondent by:
   ☐ Blood; ☐ Adoption; ☐ Legal Custody; ☐ Marriage; ☐ Having a Child in Common; ☐ Being the Child of an Intimate Partner ☐ Domestic Partnership; ☐ Sharing residence within this past year and maintaining close relationship; ☐ Sex trafficking of children; ☐ Sexual Assault; ☐ Trafficking in labor or commercial sex acts; ☒ Is, was, or is seeking to be in a Romantic/Dating/Sexual Relationship; ☐ Other (explain) _____

2. Do you reside, live, work or attend school in the District of Columbia? ☒ Yes ☐ No

3. Did any incident described below occur in the District of Columbia? ☒ Yes ☐ No

4. Respondent committed or threatened to commit an act punishable as a criminal offense against Petitioner within the meaning of D.C. Code Section 16-1001 et seq., by: *(Please describe any such acts, including physical assaults like hitting, punching, shoving or kicking; threats to do harm, or destruction of property).*

A. On or about ___August 22___ 20 _25_ at approximately _all day_ a.m./~~p.m~~.,
   At (location): ▓▓▓▓▓▓
   Respondent   See Incident A in Addendum
   _____
   _____

B. On or about _____ 20 ____ at approximately _____ a.m./p.m.,
   At (location): _____
   Respondent   _____
   _____

C. On or about _____ 20 ____ at approximately _____ a.m./p.m.,
   At (location): _____
   Respondent   _____
   _____

D. On or about _____ 20 ____ at approximately _____ a.m./p.m.,
   At (location): _____
   Respondent   _____
   _____

ON THE BASIS OF THESE ALLEGATIONS, PETITIONER REQUESTS AN ORDER INCLUDING THE FOLLOWING RELIEF: (Check each form of relief you wish to be awarded by the court)

1. ☒ Ordering Respondent not to commit or threaten to commit any crimes against me, my children, my animal(s), and ___my family_____

2. ☒ Ordering Respondent to stay away from: ☒ my person; ☒ my work; ☒ my home; ☒ my vehicle ☒ my children's ☐ my animal(s); ☒ other places I school/daycare; _____ frequent (*describe*): See Prohibited Places in Addendum

   ☒ other persons (names) MY ENTIRE FAMILY_____

3. ☒ Ordering Respondent not to contact me: ☒ by telephone; ☒ in writing; ☒ electronic or social media; ☒ in any other manner directly or indirectly through a third party.

4. ☐ Awarding me temporary custody of the minor child(ren), named below.
   (*state name and date of birth of each child AND bring birth certificates to court hearing*)

   _____

   **IF YOU ARE SEEKING CUSTODY, PLEASE COMPLETE QUESTIONS 4a – 4e:**

   4a. The children's current address is (*You do not have to reveal this information if doing so will put you in danger*):

   _____
   _____

   4b. Over the past five years the children have lived at the following other addresses (if any):

   _____

   4c. Names and addresses of the people the children have lived with during the past five years:

   _____

   4d. Have you participated in or do you know of any *other court cases concerning custody* of these children? ☐ yes ☐ no     If your answer is "yes" please indicate where the case(s) was/were filed:

   _____

   4e. Do you know of any other person other than yourself and Respondent who claims to have custody of the children?
   ☐ yes ☐ no     If "yes", who? _____

5. ☐ Awarding Respondent visitation with the child(ren) if Respondent shows that the child(ren) and I can be adequately protected from harm by the Respondent.

6. ☐ Ordering Respondent to pay child support for the above minor children, in an amount in accordance with the D.C. Child Support Guideline, through the Court Registry.

   To the best of my knowledge, Respondent's annual gross income equals or exceeds $_____.
   (*Bring any proof of your own AND respondent's income to the court hearing, including 2 recent pay stubs, tax returns for the past two years or a completed financial statement. Also, bring proof of any other child support orders that affect you or the Respondent*).

Generated online using forms provided by the DC Courts in conjunction with probono.net

IF YOU ARE SEEKING CHILD SUPPORT, PLEASE COMPLETE QUESTIONS 6a – 6d:

6a. Has a paternity and /or child support case already been filed regarding any of the above-listed children? ☐ yes ☐ no If "yes", please indicate where the case was filed, the case number, and the outcome,    if any: _____

6b. Are you or your children currently receiving public assistance? ☐ yes ☐ no

6c. Is Respondent currently employed? ☐ yes ☐ no ☐ Don't Know

6d Do any of the children have special costs? (*e.g., tuition, daycare, medical insurance, medical costs; please specify*) _____

7. ☐ Ordering Respondent to vacate my home, which:
☐ I rent/own by myself; ☐ we rent/own together; ☐ I rent/own with someone other than Respondent (*Bring lease/deed to court hearing*)

8. ☐ Ordering Respondent to provide me with financial assistance and/or spousal support to pay my rent/mortgage/bills or other expenses.

9. ☐ Awarding possession and use of the following jointly owned property to Petitioner:
_____
_____

10. ☐ Awarding ownership, possession, or control of the following animal(s):
_____

11. ☐ Ordering Respondent to refrain from possessing, controlling, harming or threatening to harm, or otherwise disposing of my animal(s).

12. ☐ Ordering Respondent not to remove me and/or my children from their health insurance policy.

13. ☐ Ordering Respondent to reimburse me for medical costs, property damage, or other expenses I have incurred due to Respondent's actions (*Bring medical bills, receipts, invoices, or estimates to hearing*). Damaged property includes
(*describe*): _____

14. ☐ Ordering Respondent to enroll in and complete an appropriate counseling program for:
☐ alcohol abuse; ☐ drug abuse; ☐ domestic violence; ☐ parenting; ☐ family violence
☐ other (*describe*): _____

15. ☒ Ordering the police to: ☐ stand by while Respondent vacates my home: ☐ make sure Respondent turns over my keys; ☐ accompany me and stand by while I recover my belongings from Respondent; ☒ assist me with service of process upon the Respondent.

16. ☐ Ordering Respondent to reimburse me for my attorney's fees and costs.

17. ☐ Other (*describe*): _____

18. ☒ Respondent's actions place the safety or welfare of myself, and/or animal(s) I own, possess, or control, in immediate danger and I request that the court grant me an emergency Temporary Protection Order today.

Created April 28, 2021
Generated online using forms provided by the DC Courts in conjunction with probono.net

Petitioner further requests any other relief that is appropriate to the effective resolution of this matter, pursuant to D.C. Code §16-1005(c)(11). Petitioner requests that a hearing be set on this matter and that a Notice of Hearing and Order to Appear be issued to Respondent.

Respondent's address:  [X] Residence  [ ] Business   _____

DISTRICT OF COLUMBIA, I, _____ , swear under the penalty of perjury, that I am the Petitioner, or a person authorized to file on behalf of the Petitioner, named in this case; I have read and understand the Petition and Affidavit; and that the facts stated are true to the best of my knowledge.

Date:  September 2, 2025                          /s/ _____
                                                                   Petitioner

[ ] I am filing on behalf of a minor and am related to them by: blood, adoption, legal custody, marriage, or domestic partnership.

Person authorized to file on behalf of Petitioner
_____

_____
Filer's relationship to Petitioner

## Addendum 1/2

Incident A

I fear for my life and my children' s lives . Joshua is very abusive he will hit you for over talking he takes my kids things and tell them how " broke there mother is " Joshua shattered my balcony window by through a lit candle at me . he Hit a 17 year old girl because he thought she took his lighter . Joshua has little respect for women . he send death threats to my phone to me and my child . I' m scared to walk them to school or even go to work. I' ve been thrown to the ground hair pulled . I' m not safe in my own home at any moment he will harm me or my children. he stills my things in anger . breaks my property it' s not safe at all . I have an protection order in Maryland as well I do not feel safe my life is in danger

Addendum 2/2

Prohibited Places